**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50211 |
| Plaintiff - Appellee, | D.C. No. 2:08-CR-00974-GAF-1 |
| v. | |
| WAHID SIDDIQI, | MEMORANDUM * |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, Judge, Presiding

Argued and Submitted March 1, 2010
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and KENNELLY,** District
Judge.

Wahid Siddiqi has appealed the sentence imposed by the district court

following his guilty plea to multiple charges of fraud in connection with means of

---

\*        This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

\*\*        The Honorable Matthew F. Kennelly, United States District Judge for the
Northern District of Illinois, sitting by designation.

identification in violation of 18 U.S.C. § 1028(a)(7) & (c)(3)(A). Among other things, Siddiqi challenges the district court's calculation of the loss attributable to his offenses under U.S.S.G. § 2B1.1. The commentary to that Guideline defines "actual loss" to include "the reasonably foreseeable pecuniary harm that resulted from the offense." *Id.* app. note 3(A)(i). "Reasonably foreseeable pecuniary harm" means "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." *Id.* app. note 3(A)(iv).

An employee of a bank stole personal information about bank customers. Siddiqi obtained some of that information and sold it to a government informant. The record reflects that no customer suffered any actual harm.

Once the bank discovered the theft, it notified all of the customers in writing, established a call center where they could call to obtain more information, and offered them two years of credit monitoring at the bank's expense. The district court included in Siddiqi's loss calculation a proportionate share of the bank's cost of providing each of these services. The lion's share consisted of the credit monitoring service. Had that particular expense been excluded from the loss calculation, it would have reduced Siddiqi's offense level.

The district court found that all of these expenses constituted reasonably

foreseeable pecuniary harm resulting from Siddiqi's offenses. We review that finding for clear error. *United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008).

Expenses that a victim incurs to mitigate the effects of a data loss may, in appropriate circumstances, constitute reasonably foreseeable pecuniary harm under the Guideline commentary. *See United States v. Pham*, 545 F.3d 712, 721 (9th Cir. 2008). In *Pham*, the victims incurred actual losses as a result of identity theft. We held that their expenses to resolve account shortfalls and related problems, if proven, could amount to reasonably foreseeable losses from the fraud.

The record in this case contained no basis to support the district court's finding that expense the bank incurred to offer its customers credit monitoring services was a reasonably foreseeable result of Siddiqi's fraud. In its comments, the court focused not on foreseeability but rather on whether the bank had acted reasonably and had done "what businesses ought to do." The fact that the bank acted reasonably, however, does not suffice to establish that the expenses it incurred were reasonably *foreseeable*. Indeed, the court noted in its comments that the steps the bank took were unusual and went beyond the norm. *See* Sentencing Tr. 17 ("Countrywide is doing what businesses ought to do. They rarely do . . . what they did in this – in this situation."), 20 ("[W]e're in a situation where what

3

this corporation did for a change was to protect its customers").  In addition, the credit monitoring service arguably went beyond what banking regulatory guidelines suggest.  We also note that there was no victim impact statement or other evidence in the record addressing, for example, whether providing this particular service is typical in similar circumstances or even why the bank elected to offer its customers credit monitoring.

Under the circumstances, the district court's finding of reasonable foreseeability was unsupported in the record and was therefore clearly erroneous.  Because we have found an error in the Guidelines calculation that provided the starting point for the sentence the district court imposed, we remand the case to the district court for resentencing.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  For this reason, we need not consider the other arguments Siddiqi has made on appeal.

We do not limit the evidence that the district court may consider to the evidence that was presented at the original sentencing hearing.  Rather, we remand the case on an open record so that both parties can present evidence relevant to the issue of reasonable foreseeability.  *See Pham*, 545 F.3d at 723.

VACATED AND REMANDED.

*United States v. Siddiqi*

No. 09-50211

RYMER, Circuit Judge, dissenting.

I don't think the district court clearly erred in finding it was reasonably foreseeable that the bank would act to protect its customers as it did in the circumstances of this case: the scale of identity theft was huge, and it included, among other things, the social security number of millions of individuals. Nor do I agree with the suggestion that foreseeability is somehow capped by prior responses to unrelated thefts of a different order of magnitude, or by regulations that establish a floor for what a banking institution must do. Instead, I would apply *United States v. Pham*, 545 F.3d 712, 721 (9th Cir. 2008), to the loss calculation here, and affirm.